IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GEORGE ROWAN, #A0221576, | ) | CIV. NO. 12-00098 LEK/RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING COMPLAINT WITH |
| vs. | ) | LEAVE GRANTED TO AMEND |
| | ) | |
| I.A. LARRY MAYOR, KEONE | ) | |
| MORREIRA, SARGENT FIELD, | ) | |
| JOHN HALL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND**

Before the court is *pro se* Plaintiff George Rowan's prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983.[1] Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF"). The complaint names HCF employees I.A. Larry Mayor,[2] Adult Correctional Officer ("ACO") Keone Morreira, ACO Sargent Field, and ACO John Hall (collectively, "Defendants"),in their official capacities, seeking only injunctive relief. Plaintiff claims that, after he informed Mayor and Field about allegedly illegal activities at the prison between ACOs and inmates, Defendants retaliated against him. Plaintiff seeks a transfer to the Federal Detention Center ("FDC"), Honolulu, for his protection.

---

[1] Plaintiff is proceeding *in forma pauperis*. *See* ECF #5

[2] It appears that "I.A." stands for "Internal Affairs."

The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim. Because it is possible that Plaintiff can cure the Complaint's deficiencies, he is granted leave to amend.

I. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009).

2

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).
//

## II. **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A. Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984). "All that is required [by Fed. R. Civ. P. 8(a)] is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (quoting *Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991)).

In addition, a complaint with the factual elements of a cause of action scattered throughout the complaint and not

4

organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry, 84 F.3d 1172.

Plaintiff's claims fail to plainly and succinctly show that Defendants have violated his constitutional rights. For example, in Count I, Plaintiff checks three boxes as the basis for his claims: "Threat to safety;" "Medical care;" and "Retaliation." ECF #1, Compl. at 5, Count I. Plaintiff then broadly alleges that he informed Defendant Sargent Field, Sargent Kepa, and Lieutenant J. Umeda (Kepa and Umeda are not named as defendants), that inmate gang members forced him to pay for illegal drugs and tobacco allegedly brought into HCF by Defendant Hall, and ACOs Toa Salanoa and John Ione (neither Salanoa or Ione are named as defendants). Although Plaintiff says Kepa and Umeda conducted a search that revealed contraband, he provides no further details. Plaintiff does not allege that Defendants Field and Hall spoke to each other, and then conspired with each other to retaliate against Plaintiff. Plaintiff does not specify the date or dates that he told HCF officials about this illegal activity, or the dates that he was allegedly subjected to retaliation, so that an inference can be drawn that Plaintiff's protected activity influenced Defendants' alleged retaliation.

Moreover, Plaintiff alleges **no** facts suggesting Defendants denied him medical care or ignored threats to his safety.

In Count II, Plaintiff again checks "Threat to safety;" "Medical care;" and "Retaliation." *Id.* at 6, Count II. Plaintiff says that, after "they" found out he had spoken to Defendant Field, he "started having problems with only one A.C.O. John, Hall and other inmates that was conected [sic] to his operation." *Id.* Plaintiff claims he was assaulted daily by other inmates, felt his life was endangered, and began sleeping with a weapon. Plaintiff does not identify whether "they" are inmates or ACOs, or even named Defendants. While these allegations broadly suggest retaliation and threats to Plaintiff's safety, Plaintiff supplies no supporting details to allow this court or Defendants to make the necessary conclusory leap of faith that will move Plaintiff's claims from the realm of mere possibility to a plausible inference that one or all of the named Defendants are responsible for his claims. *See Twombly*, 550 U.S. at 570. Plaintiff again provides nothing suggesting that he was denied medical care. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and this is all Plaintiff provides here. *Iqbal*, 129 S. Ct. at 1949.

In Count III, Plaintiff again checks "Threat to safety;" "Medical care;" and "Retaliation." *Id.* at 7, Count III. Plaintiff says that after he spoke to Defendant Mayor and filed

grievances, his laundry was lost, he was denied recreation and showers, he was written up for refusing housing (because he feared for his safety), and he was restrained with handcuffs that were too tight.  Plaintiff concludes that this was in retaliation for having spoken out, but he identifies no particular ACO or named Defendant as responsible.  Plaintiff provides no dates so that any named Defendant could even speculate whether Plaintiff is directing this accusation at them.  Without dates or specific allegations stating which Defendant did what to Plaintiff, these claims simply do not state a plausible claim for relief on its face.  *See Twombley*, 550 U.S. at 570.  As written, it is impossible to determine who did what to Plaintiff, when his claims accrued, what his specific claims against each individual Defendant entails, and how Plaintiff's constitutional rights were violated.  Plaintiff's Complaint therefore fails to state a claim for relief and is DISMISSED with leave granted to amend.

**B.   Failure to Link Defendants to His Claims**

As noted above, Plaintiff makes generalized claims regarding alleged constitutional violations but fails to set forth any specific factual allegation that links any of the named Defendants to an action that is directly related to Plaintiff. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194

7

(9th Cir. 1998).  A person deprives another of a constitutional right under § 1983, when he or she "'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  *Preschooler II v. Clark County Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  The "requisite causal connection may be established" not only by some kind of direct personal participation in the deprivation, but also by setting in motion "a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."  *Id.* (citing *Johnson*, 588 F.2d at 743-44).

Plaintiff fails to allege facts showing that any named Defendants were personally involved in the alleged deprivation of his civil rights.  Moreover, he appears to seek to hold some of these Defendants liable in their supervisory capacity.  There is no *respondeat superior* liability under § 1983, however.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988)

(citing *Rizzo*, 423 U.S. at 370-71). As such, he fails to state a claim.

**C.   Retaliation**

Plaintiff alleges that Defendants retaliated against him for informing prison officials about Defendants' allegedly illegal activities. To state a retaliation claim under § 1983, a prisoner must demonstrate that (1) prison officials retaliated against him for exercising his constitutional right; and (2) the retaliatory action did not advance legitimate penological goals, such as the preservation of institutional order, discipline, security, or rehabilitation of prisoners. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *Pratt v. Rowland*, 65 F.3d 802, 806-07 (9th Cir. 1995). The prisoner has the burden of pleading and proving the absence of legitimate correctional goals. *Pratt*, 65 F.3d at 806. Furthermore, a retaliation claim without an allegation of a "chilling effect" or other harm is not actionable. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000). Plaintiff fails to set forth a retaliation claim against any named Defendant.

**D.   Denial of Medical Care**

Plaintiff alleges either denial of or inadequate medical care. The Eighth Amendment requires that prisoners receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th

Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). To state an arguable § 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059; *see also Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003). That is, a plaintiff must demonstrate "'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care. Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002)(citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)). Plaintiff provides no facts supporting an inference that he was denied medical care. As such, he fails to state a claim.

**E. Threat to Safety**

Plaintiff vaguely alleges that Defendants failed to protect him from threats to his safety. Prison officials are required to take reasonable measures to guarantee the safety of

inmates and have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to his safety. *Farmer*, 511 U.S. at 834; Frost, 152 F.3d at 1128; *Redman v. County of Los Angeles*, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*).

Thus, a plaintiff must set forth facts supporting an inference that defendant knew of, but disregarded, an excessive risk to an inmate's safety. *Farmer*, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer*, 511 U.S. at 837; *Frost*, 152 F.3d at 1128; *Redman*, 942 F.2d at 1442. Plaintiff fails to allege facts that support an inference that any Defendant was deliberately indifferent to threats to his safety. As such, Plaintiff fails to state a claim.

**F.   Leave to Amend**

The Complaint is DISMISSED as discussed above. Plaintiff may file a proposed amended complaint on or before **April 2, 2012**. The proposed amended complaint must cure the

11

deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.

The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in an amended complaint are deemed waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**G.     28 U.S.C. § 1915(g)**

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### III. CONCLUSION

IT IS HEREBY ORDERED that:

(1) The Complaint is DISMISSED for failure to state a claim, as discussed above. See 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2) Plaintiff is GRANTED leave to file a proposed amended complaint curing the deficiencies noted above by **April 2, 2012**. Failure to timely amend the Complaint and cure its pleading deficiencies will result in **AUTOMATIC DISMISSAL** of this action for failure to state a claim, and may be counted as strike pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk of Court is directed to mail a form prisoner civil rights complaint to Plaintiff so that he may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 6, 2012.



   /S/ Leslie E. Kobayashi
   Leslie E. Kobayashi
   United States District Judge

*Rowan v. Mayor, et al.,* Civ. No. 1:12-00098 LEK-RLP, Order Dismissing Complaint With Leave Granted to Amend; psa/Screening/dmp/2012/Rowan 12-98 lek (dsm ftsc R8 lv amd)