IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE ROWAN, #A0221576, ) | CIV. NO. 12-00098 LEK/RLP |
| ) | |
| Plaintiff,   ) | |
| ) | ORDER DIRECTING SERVICE OF THE |
| vs.            ) | COMPLAINT |
| ) | |
| I.A. LARRY MAYOR, KEONE   ) | |
| MORREIRA, SARGENT FIELD,  ) | |
| JOHN HALL,                ) | |
| ) | |
| Defendants.  ) | |
| _____ ) | |

**ORDER DIRECTING SERVICE OF THE COMPLAINT**

Before the court is *pro se* Plaintiff George Rowan's first amended prisoner civil rights complaint ("FAC") brought pursuant to 42 U.S.C. § 1983.  ECF #7.  The FAC alleges that Halawa Correctional Facility ("HCF") Internal Affairs Officer Larry Mayor, Gang Intelligence Officer Sargent Field, Unit Manager Keone Morreira, and Adult Correctional Officer ("ACO") John Hall (collectively, "Defendants"), have ignored threats to Plaintiff's safety and retaliated against Plaintiff for reporting illegal contraband activities involving inmates and guards at the prison.

The court has screened the FAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), finds that it adequately states a claim for relief, and that service of the summons and FAC is appropriate for Defendants Mayor, Field, Morreira, and Hall.

//

//

## I. <u>PLAINTIFF'S ALLEGATIONS</u>

Plaintiff says that he was sexually assaulted by an inmate or inmates at the prison. ECF #7, FAC at 5. He informed the prison medical unit and was taken to Kapiolani Medical Center for Women and Children for treatment. Plaintiff says he then told Gang Intelligence Officer Field "about A.C.O.s and inmates that was doing elegal [sic] activities together."[1] FAC at 6. After Plaintiff spoke with Field, Plaintiff alleges that ACO Hall told inmates that Plaintiff had informed on them and the inmate attacks against him escalated. *Id.*

Plaintiff says he then spoke with Internal Affairs Officer Mayor and Unit Manager Morreira. FAC at 7. Plaintiff alleges that afterward, in addition to the inmate attacks increasing, his commissary requests were denied, his grievances and laundry were destroyed, and he was written up for disobeying orders. Plaintiff believes his life is in danger. *See id.*, at 7. Plaintiff names Defendants in their official capacities and seeks injunctive relief only, in the form of a protective transfer to the Federal Detention Center ("FDC"), Honolulu.

//

//

---

[1] In his original Complaint, Plaintiff alleged that ACO Hall was trafficking in drugs and tobacco with other ACOs and inmates at the prison. *See* ECF #1, Compl. at 5.

## II. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

### A.  Threat to Plaintiff's Safety

To state a claim for threats to his safety, an inmate must allege facts showing that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to his safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Redman v. County of Los Angeles*, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*).

Accepting Plaintiff's allegations as true and construing them in the light most favorable to him, Plaintiff sufficiently alleges that Mayor, Field, and Morreira knew of a substantial risk to his safety and failed to take steps to protect him.

//

//

**B.   Retaliation**

To state a retaliation claim under § 1983, a prisoner must demonstrate that (1) prison officials retaliated against him for exercising his constitutional right; and (2) the retaliatory action did not advance legitimate penological goals, such as the preservation of institutional order, discipline, security, or rehabilitation of prisoners.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *Pratt v. Rowland*, 65 F.3d 802, 806-07 (9th Cir. 1995).  Plaintiff sufficiently alleges that ACO Hall retaliated against him for reporting Hall and others to prison authorities for alleged misconduct at the prison.

**C.   Denial of Medical Care**

To state a § 1983 claim for delaying or failing to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Although Plaintiff marks "Medical care" in Count I of the FAC, he provides no facts suggesting any Defendant denied or delayed him medical care.  To the contrary, Plaintiff states that he was taken to the Kapiolani Medical Center and treated after the alleged sexual assault.  Moreover, Plaintiff's claims concern events that occurred after the sexual assault and do not appear

4

to relate to the delay or denial of medical care. Because the court informed Plaintiff of this deficiency in his claim in the Order dismissing his original Complaint, ECF #6, this claim is dismissed with prejudice.

### III. **SERVICE IS DIRECTED**

The U.S. Marshal is ORDERED to serve the First Amended Complaint, ECF #7, and summons on Plaintiff's behalf. *See* Fed. R. Civ. P. 4(c)(3). Plaintiff is DIRECTED to effect service on Defendants Mayor, Field, Morreira, and Hall by mailing a copy of the First Amended Complaint and the fully completed service documents to the U.S. Marshal, as set forth below. Defendants are ORDERED to file an Answer or other responsive pleading to the First Amended Complaint within the time allowed under Fed. R. Civ. P. 12(a). IT IS HEREBY ORDERED that:

(1) The First Amended Complaint, alleging that Defendants Mayor, Field, Morreira, and Hall ignored threats to Plaintiff's safety and retaliated against him, states a claim and shall proceed. Service is appropriate for Defendants Mayor, Field, Morreira, and Hall. The Clerk shall send Plaintiff a summons, a USM-285 form, a copy of the endorsed First Amended Complaint, four [4] Notice of Lawsuit and Request for Waiver of Service for Summons forms (AO 398), four [4] Waiver of Service of Summons forms (AO 399), and an instruction sheet.

Plaintiff shall complete the forms, make the necessary copies of the summons and First Amended Complaint, and submit these documents with a copy of this order to the United States Marshals Service in Honolulu, Hawaii, for service on Defendants Mayor, Field, Morreira, and Hall. *See* Fed. R. Civ. P. 4(i).

(2) Upon receipt of these documents, the U.S. Marshal shall serve a copy of the endorsed First Amended Complaint, completed Notice of Lawsuit and Request for Waiver of Service form (AO 398) and completed Waiver of Service of Summons form (AO 399), upon Defendants as directed by Plaintiff pursuant to Rule 4 of the Federal Rules of Civil Procedure without payment of costs.

(3) The Marshal shall retain the sealed summons and a copy of the First Amended Complaint for future use. The Marshal shall file the returned Waiver of Service of Summons form and request for waiver if they are returned as undeliverable, as soon as received.

(4) If a Defendant does not return the Waiver of Service of Summons form within sixty days from the date of mailing the request for waiver, the Marshal shall:

    a. Personally serve the Defendant with the above-described documents pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the

       Department of Public Safety for service on DPS employees, to execute this Order.

       b. Within ten days after personal service is effected, the Marshal shall file the return of service for the Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and First Amended Complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

    (5) Defendants shall file an answer or other responsive pleading to Plaintiff's First Amended Complaint within sixty [60] days after the date on which the request for waiver of service was sent (if formal service is waived), or twenty [20] days if service is not waived.  Failure to do so may result in the entry of default judgment.

    (6) Plaintiff shall inform the court of any change of address by filing a "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information about the change of address, and

its effective date and shall not include any requests for any other relief.  Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

(7)  After the First Amended Complaint is served, Plaintiff shall serve a copy of all further pleadings or documents submitted to the court upon the Defendants or their attorney(s).  Plaintiff shall include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to a Defendant or Defendant's counsel.  Any paper received by a District or Magistrate Judge which has not been filed with the Clerk of Court or which does not include a certificate of service will be disregarded.

(8)  Until the First Amended Complaint is served and Defendant or his attorney files a notice of appearance, Plaintiff SHALL NOT FILE MOTIONS OR OTHER DOCUMENTS with the court, other than a motion for appointment of counsel.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 1, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Rowan v. Mayor, et al.,* Civ. No. 1:12-00098 LEK-RLP, Order Directing Service of the First Amended Complaint; psa/SVC Ords/dmp/2012/Rowan 12-98 lek (FAC)